UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIPPON ZOKI PHARMACEUTICAL CO., LTD,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  16-CV-779-W-WVG<br><br>**ORDER DENYING MOTION TO CONTINUE FACT DISCOVERY DEADLINE WITHOUT PREJUDICE**<br><br>**[ECF No. 35]** |

Present before the Court is the parties Joint Motion to continue the fact discovery deadline by sixty days. (ECF No. 35.) Because the parties have not demonstrated good cause for such an extension, the Joint Motion is **DENIED** without prejudice.

## DISCUSSION

On October 24, 2016, the Court issued a Scheduling Order pursuant to Federal Rule of Civil Procedure ("FRCP") 16(b) setting July 21, 2017 as the date by which all discovery pertaining to facts was to be completed. (ECF No. 24 at 2:22-23.) With more than three months remaining to conduct fact discovery, on April 17, 2017, the parties filed the present Joint Motion, requesting the Court continue the fact discovery deadline by sixty days. The basis for the request is that the collection and exchange of electronically stored information ("ESI") is "far more extensive than the parties originally anticipated." (ECF No. 35 at 2:15-

16.)

Pursuant to FRCP 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order "controls the course of the action unless the court modifies it [ ]" and FRCP "16 is to be taken seriously." Fed. R. Civ. P. 16(d); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Indeed, parties must "diligently attempt to adhere to [the Court's] schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

FRCP 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007); citing *Johnson*, 975 F.2d at 609. In *Johnson*, the Ninth Circuit Court of Appeal explained,

> …Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)…[T]he focus of the inquiry is upon the moving party's reasons for seeking modification…If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling

conference…" *Jackson*, 186 F.R.D. at 608.

The Court finds the Joint Motion does not adequately demonstrate good cause to warrant an extension. In the Joint Motion, the parties aver that "Defendant served written discovery requests on Plaintiff on February 15, 2017," nearly four months after the opening of fact discovery. (ECF No. 35 at 2, ¶ 4.) The parties then indicate they are "in the process of exchanging responsive documents and ESI." (ECF No. 35 at 2, ¶ 8.) Notably absent from the Joint Motion is the date by which the parties propounded requests for production of documents, or other specific requests for the ESI in question. Without this information, the Court finds it difficult to conclude the parties "diligently attempt[ed] to adhere" to the Court's schedule. *Jackson*, 186 F.R.D. at 607. Additionally, the parties simply describe the volume of ESI as "extensive" or "significant" without going into any detail of the magnitude of the outstanding ESI, which party is working to retrieve the ESI, and what processes are involved in obtaining the ESI. Without this key information, the Court is unable to find good cause exists to amend the Scheduling Order. Most concerning to the Court is there is no explanation as to why Defendant waited nearly four months to commence written discovery and what Defendant may have been doing during that time to litigate this case.

For the foregoing reasons, the Court **DENIES** the parties Joint Motion without prejudice. Should the parties seek another extension, the parties must supply the Court with the pertinent information described above and justification as to why discovery cannot be completed in the remaining three months of fact discovery.

**IT IS SO ORDERED**.

Dated: April 19, 2017

Hon. William V. Gallo
United States Magistrate Judge